DREIER STEIN & KAHAN LLP
Yakub Hazzard (No. 150242)
yhazzard@dskllp.com
Brooke H. Eisenhart (No. 229299)
beisenhart@dskllp.com
The Water Garden
1620 26th Street
Sixth Floor, North Tower
Santa Monica, CA  90404

HARRIS L. COHEN, A PROF. CORP.
Harris L. Cohen (No. 119600)
hcohen00@aol.com
5305 Andasol Avenue
Encino, CA 91316

DREIER LLP
Seth H. Ostrow *(Pro Hac Vice)*
sostrow@dreierllp.com
Arianna Frankl *(Pro Hac Vice)*
afrankl@dreierllp.com
499 Park Avenue
New York, NY 10022

Attorneys for Plaintiff and Counter-Defendant
FORT Properties, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| FORT PROPERTIES, INC.,<br><br>          Plaintiff and<br>          Counter-Defendant,<br><br>   vs.<br><br>AMERICAN MASTER LEASE,<br>LLC, a Delaware limited liability<br>company,<br><br>          Defendant and<br>          Counter-Plaintiff. | CASE NO. SACV07-365-AG(JCx)<br><br>Hon. Andrew J. Guilford, Dept. 10D<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>**[NOTE BOLDED CHANGES BY COURT]** |

WHEREAS, Plaintiff FORT Properties, Inc. ("FORT") has filed a complaint against American Master Lease, LLC ("AML") (FORT and AML individually, a "Party", and collectively, the "Parties") in the above-captioned action (the "Action");

WHEREAS, the conduct of the Action may involve the disclosure of trade secrets or other confidential technical, business and financial information;

WHEREAS, the Parties hereto seek to preserve their privacy and property interests in such information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that a Party seeking to protect information filed under seal with the Court must show **at least** good cause for sealing that part of the record, and that either Party may challenge any designation of confidentiality pursuant to this protective order;

WHEREAS, pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, the Parties hereby stipulate to the entry of this amended protective order (the "Protective Order")[1] limiting the disclosure of certain information produced or otherwise discovered and agree to be bound by the restrictions of the Protective Order limiting use of such information as provided;

---

[1] The parties submit this amended proposed protective order for entry by the Court further to Magistrate Chooljian's Order of December 27, 2007 outlining several deficiencies in the parties' initial proposed protective order submitted to the Court on or about November 6, 2007.

Amended Stipulated Protective Order

IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

**APPLICABILITY OF PROTECTIVE ORDER**

1.      All documents, electronically stored information, materials, items, **deposition** testimony or information, regardless of whether stored in electronic or paper form, produced, provided or served, formally or informally, either by a Party or by a non-party, to or for any of the other Parties, shall be governed by this Protective Order if designated in accordance with this Protective Order, and if so designated and unless such designation is removed in accordance with this Protective Order, used only for the purposes of this litigation and not for any other purpose, including but not limited to business, legal, patent prosecution, competitive or governmental purpose or function.  Notwithstanding the foregoing, nothing in this paragraph 1 or in this Protective Order shall be deemed to limit or otherwise restrict or impair in any manner any Party's use or disclosure of its own information, in whatever form.

2.      The terms of this Protective Order shall apply to all manner and means of disclosure of information in discovery, whether formal or informal, designated in accordance with this Protective Order, including without limitation oral testimony, entry onto land or premises, and production and/or inspection of books, records, documents, electronically stored information and tangible things.

Amended Stipulated Protective Order

## **DEFINITIONS**

3.  "Confidential" information is defined herein as information that a Disclosing Party in good faith believes (i) is not in the public domain (*i.e.,* not generally known and not reasonably ascertainable by proper means) and (ii) contains trade secrets or other proprietary or confidential research, development, marketing, financial, technical, or commercial information.

4.  "Disclosing Party" is defined herein as any Party**, or as any** non-party **who agrees in writing to be bound by the terms of this Protective Order,** who is requested to produce or produces Documents or other information in connection with the conduct of the Action.

5.  "Document" shall include without limitation any records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, databases, communications, letters, correspondence, emails and attachments thereto, answers to interrogatories, responses to requests for admissions, pleadings or motions, including copies or computer-stored versions of any of the foregoing. The term "Document" as used herein specifically includes electronically stored information as that term is used in the Federal Rules of Civil Procedure.

6.  "Highly Confidential" information is defined herein as such Confidential information that the Disclosing Party in good faith believes would cause direct harm to the competitive position of the Disclosing Party if such

Amended Stipulated Protective Order

Confidential information were to be disclosed or is so competitively sensitive that

its disclosure could materially affect the business, commercial or financial interests

of the Disclosing Party.

      7.     "Person" is defined as any natural person or any business, legal or

governmental entity or association.

      8.     "Qualified Person" as used herein means:

      a.     Trial Counsel;

      b.     Any Person retained by a Party or its Trial Counsel as an

              independent consultant or expert (who is not a shareholder,

              officer, director or employee of a Party, or inventor named on a

              patent-in-suit) who agrees in writing to be bound by the terms of

              this Protective Order in the form of Exhibit A, attached hereto

              (such signed agreement shall be preserved by the retaining Party

              or Trial Counsel);

      c.     Any court reporter who transcribes testimony in this Action at a

              deposition and who agrees that all designated confidential

              testimony is and shall remain confidential and shall not be

              disclosed except as provided in this Order;

      d.     The Court and the Court's personnel;

      e.     Outside vendors who perform copying, document preparation,

              or creation of trial graphics or tutorials on behalf of any Party;

        Amended Stipulated Protective Order

f.      Members of focus groups and mock jurors, provided they sign an undertaking with the same protections as the Confidentiality Agreement attached hereto as Exhibit A with the caption redacted to remove reference to the Parties, and further provided that no mock jurors or focus group participants be permitted to keep any discovery materials in this matter;

g.      Any other person who is designated as a Qualified Person by written stipulation of counsel for the Parties or by Order of this Court, provided however that any written stipulation between the Parties shall not be enforceable as a Court Order unless such stipulation is entered as an Order of the Court;

h.      Charles Runnels of FORT; and

i.      Neal Roberts of AML.

9.      "Receiving Party" is defined herein as any Person who has received information properly designated as Confidential or Highly Confidential pursuant to this Protective Order **and in the case of a non-party, has agreed in writing to be bound by the terms of this Protective Order**.

10.      "Trial Counsel" as used herein, means <u>only</u>:

a.      the attorneys and employees of Dreier LLP (and its affiliated law firms) responsible for this litigation for FORT and any other law firm (and its members and employees) which appears on

behalf of FORT in the Action; and

      b.     the attorneys and employees of Waters Law Office, PLLC

             responsible for this litigation for AML and any other law firm

             (and its members and employees) which appears on behalf of

             AML in the Action.

## DESIGNATION OF MATERIALS

### "Confidential" Information

11.    A Disclosing Party may designate Confidential information, as defined herein.  In designating Confidential information, the Disclosing Party will make such designation only as to that information that it has regularly treated as, and in good faith believes contains, Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c)(1)(G).  No item shall be deemed Confidential if it is disclosed in a printed publication available to the public or trade, is generally known throughout the trade and public, or is or comes to be known to a Party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Protective Order.

12.    Documents and things produced that contain Confidential information may be designated as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production as follows:

### "CONFIDENTIAL"

        Amended Stipulated Protective Order

13.     **Except as otherwise directed by the court in light of the presumption of public access to judicial proceedings, a**ccess to information designated as Confidential shall be limited to Qualified Persons (as defined in paragraph 8 above).  A Receiving Party shall treat information as "Confidential" under this Protective Order, as soon as a Disclosing Party so designates the information.

**"Highly Confidential" Information**

14.     A Disclosing Party may designate Highly Confidential information, as defined herein.  In designating Highly Confidential information, the Disclosing Party will make such designation only as to that information that it has regularly treated as, and in good faith believes contains, Highly Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c)(1)(G). **Except as otherwise directed by the court in light of the presumption of public access to judicial proceedings,** documents, testimony, information and other things designated Highly Confidential may be disclosed only to the Qualified Persons identified in subsections (a) through (g) of Paragraph 8 of this Protective Order.  A Receiving Party shall treat information as Highly Confidential under this Protective Order, as soon as a Disclosing Party so designates the information.

15.     Documents and things produced that contain Highly Confidential information may be designated as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if

Amended Stipulated Protective Order

it is a paper document at or before the time of production as follows:

## "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY"

16.     In the event that at the time a document is produced the designation Confidential or Highly Confidential is lacking, and it is later determined, in good faith, that such a designation should have appeared on the document, the Disclosing Party may restrict future disclosure of the document, consistent with this Protective Order, by notifying the Receiving Party in writing of the change in or addition of a restrictive designation.  The notice shall include a description of the document, including bates number or other adequate identification, and the designation under which future disclosure of the documents is to be governed.  The Receiving Party shall have no liability to the Disclosing Party, **to** the Court, or **to** third parties **who have agreed in writing to be bound by the terms of this Protective Order** for any use or disclosure of any documents or information prior to the time that the Disclosing Party notifies the Receiving Party in writing of the change in or addition of a specific designation under this Protective Order.

## RETAINED INDEPENDENT CONSULTANTS AND EXPERTS

17.     In the event that either Party retains independent consultants or experts to furnish technical or consulting services or to give testimony with respect to the subject matter of this Action, and such Party desires to disclose to such independent consultant or expert any information designated by the other Party as Confidential or Highly Confidential, then such disclosure shall be permitted only under the

Amended Stipulated Protective Order

following conditions:

    a.    Prior to disclosure, the independent consultant or expert shall acknowledge, in writing, by signing a copy of Exhibit A attached hereto, that he/she has received and read a copy of this Protective Order, and that he/she is bound by the terms thereof.

    b.    Ten (10) calendar days prior to disclosure of such Confidential or Highly Confidential information, a copy of signed Exhibit A and a copy of the independent consultant or expert's curriculum vitae shall be delivered by hand, facsimile, electronic mail or overnight courier to Trial Counsel for the Disclosing Party along with a statement that the Exhibit and curriculum vitae are being served in accordance with this paragraph 17 of the Protective Order.

    c.    In the event that the Disclosing Party objects to disclosure of its Confidential or Highly Confidential information to the independent consultant or expert, the Disclosing Party shall deliver by hand, facsimile, electronic mail or overnight courier a notice of objection to the opposing Party within five (5) business days from service of the materials required to be served under subparagraph (b) of this paragraph 17.  In such event, disclosure of the information shall not be made until the Parties agree in

Amended Stipulated Protective Order

writing that such disclosure may be made or the Court issues an order or ruling that such disclosure is permitted.  The Disclosing Party shall, with its notice of objection, state fully its reasons and grounds for such objection.  Failure to give notice of objection within five (5) business days from service of the materials required to be served under subparagraph (b) of this paragraph 17 shall operate as a waiver of the objection, unless a reason and ground for an objection becomes apparent after such time which reason and ground did not exist at such time.

d.   Unless the dispute is resolved by agreement between the Parties, the Party seeking disclosure may move for a ruling by the Court on the dispute in accordance with the procedures set forth in Local Rule 37.  The Disclosing Party shall have the burden of establishing that the disclosure should not be permitted.

**DEPOSITION TRANSCRIPTS AND EXHIBITS**

18.   Except for use during court proceedings, all information, including testimony and exhibits, disclosed in a deposition of a non-party deponent, Party or a Party's present or former officers, directors, employees, agents, or independent experts retained by such party for purposes of this litigation shall be treated as if it had been designated as Highly Confidential at the time of the taking of the deposition and for a period of fifteen (15) calendar days after the transcript of said

deposition is received by the Disclosing Party.  Information disclosed at the deposition may be designated under this Protective Order by a Disclosing Party by so-indicating on the record at the deposition, or by the Disclosing Party's notifying all other Parties and the court reporter in writing, within fifteen (15) calendar days of receipt of the transcript of the portions of the transcript that contain information to be designated under this Protective Order.  The Disclosing Party shall attach a copy of a written statement making such designation to the face of the transcript and provide a copy of same to every other Party, or shall request that the court reporter taking such testimony do so.

19.    The designation of testimony given as Confidential or Highly Confidential, or the de-designation of such testimony given, shall not affect the confidentiality status of exhibits presented or used in connection with such testimony.

**COURT FILINGS**

20.    In the event that a Receiving Party wishes to use any Confidential or Highly Confidential information produced by a Disclosing Party in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, the Receiving Party will attempt to obtain leave from the Court to file such information under seal, in accordance with applicable Local Rules and/or the Court's procedures for filing under seal.  Any Party may file with the Court additional reasons as to why the documents should be filed under seal.  Any document, thing

Amended Stipulated Protective Order

or information that has been designated as Confidential or Highly Confidential and that is included with, or the contents are in any way disclosed in, any pleading, motion, deposition transcript, or other papers filed with the Clerk of the Court shall be filed in accordance with applicable Local Rules and/or the Court's procedures for filing under seal, or if no such Rule or procedure is otherwise specified, shall be filed in sealed envelopes prominently marked with the notation:

**CONFIDENTIAL (or HIGHLY CONFIDENTIAL) INFORMATION**

**FILED UNDER SEAL**

**SUBJECT TO PROTECTIVE ORDER IN CASE NO. SACV07-365-AG(JCx)**

21.     In the event that a Receiving Party wishes to use any Confidential or Highly Confidential information produced by a Disclosing Party in any affidavits, briefs, memoranda of law, or other papers that are lodged or submitted, but not filed with the Court in this litigation, such Party must clearly designate that the document contains either CONFIDENTIAL (or HIGHLY CONFIDENTIAL) INFORMATION of the Disclosing Party.

22.     A redacted copy of such documents without confidential information shall be publicly filed with the Clerk of the Court.

**<u>USE OF INFORMATION DESIGNATED UNDER THIS PROTECTIVE ORDER AT HEARING OR TRIAL</u>**

23.     Trial Counsel shall seek protective treatment of any information designated Confidential or Highly Confidential which such Trial Counsel wishes to

disclose to in connection with a hearing or trial of this matter, as the Court or appropriate judicial officer may allow.    Trial Counsel shall provide notice reasonable under the circumstances to the Disclosing Party of the intended disclosure.  Nothing herein shall operate as a waiver or relinquishment of a designation under this Protective Order, should such materials be disclosed at a Court hearing or other proceeding where the general public is not so excluded.

**INADVERTENT FAILURE TO DESIGNATE / INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

24.    A Disclosing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated.  As soon as notice of a designation is made by a Disclosing Party, all recipients of the designated materials shall immediately treat the designated documents consistent with the designation given by the Disclosing Party.  Those individuals who reviewed the documents or information prior to notice of the misdesignation or failure to designate by the Disclosing Party shall return to Trial Counsel for the Disclosing Party or destroy all copies of the misdesignated documents and shall honor, to the extent reasonably practicable, the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the misdesignated documents.

Amended Stipulated Protective Order

25.     In the event that information designated pursuant to this Protective Order is disclosed to any person not authorized by this Protective Order to receive the information, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all Parties, and without prejudice to other rights and remedies of the Disclosing Party, shall make every reasonable effort to prevent further disclosure by it or by any other person who was the recipient of such information.  The identification under this section of a Party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

26.     The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof.  Upon receiving written notice from the Disclosing Party that materials asserted to be privileged or protected have been inadvertently produced, the Receiving Party shall promptly return or destroy all such material (and any copies that may have been made and may have been distributed) to the Disclosing Party within five (5) business days of receipt of such notice.  Until such materials are returned or destroyed, such materials and the information contained therein shall be treated as Highly Confidential.  Nothing stated herein shall limit the right of a Party to challenge a claim of privilege or protection made pursuant to this paragraph.

Amended Stipulated Protective Order

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

27.     The Parties acknowledge that it may be impractical to currently assess the confidentiality of any or all information in documents, testimony, transcripts, and/or other materials and things produced by a Party or producing entity in the course of this Action.  Therefore, if a Party wishes to challenge the designation of any such information, the Party shall, in good faith, narrowly limit such efforts solely to those documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which declassification reasonably appears to be appropriate.  The Disclosing Party shall, within five (5) business days after receipt of the Receiving Party's request for declassification, make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination.  If the dispute cannot be resolved informally, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes.  The Disclosing Party shall have the burden of proving the propriety of the designation.  The designation of the disputed information shall remain unless and until otherwise ordered by the Court.

28.     A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Protective Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

Amended Stipulated Protective Order

**RETURN AND/OR DESTRUCTION OF MATERIALS UPON CONCLUSION OF THE ACTION**

29.    Confidential and Highly Confidential materials: Within ninety (90) calendar days after the conclusion of this litigation, unless the Parties agree in writing to the contrary (which agreement shall not have the effect of an Order of the Court unless so approved by the Court), any originals or reproductions of any documents produced by a Disclosing Party containing Confidential and Highly Confidential information shall be destroyed, except that Trial Counsel shall be entitled to retain for archival purposes one (1) paper and one (1) electronic copy of pleadings, correspondence, memoranda, notes and other work product materials which contain or refer to Confidential and Highly Confidential information.

30.    Insofar as the provisions of this Protective Order restrict the communication and use of the documents produced hereunder, this Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in open court (unless such exhibits were filed under seal or otherwise subjected to restrictions by the Court or other appropriate judicial officer) and (b) that a Party may seek the written permission of the Disclosing Party or further order of the Court with respect to dissolution or modification of the Protective Order.

**PATENT PROSECUTION**

31.    During the pendency of the Action, any person who, as a Receiving

Party, has reviewed information designated by a Disclosing Party as Highly Confidential pursuant to this Protective Order shall not substantively participate in the preparation or prosecution of patent applications for the Receiving Party having claims materially related to the subject matter of the information designated by a Disclosing Party as Highly Confidential pursuant to this Protective Order.

**MISCELLANEOUS**

32.    This Protective Order is being entered without prejudice to the right of any Party or other person to move the Court for modification of or relief from any of its terms.

33.    Nothing shall prevent disclosure of a Disclosing Party's Confidential or Highly Confidential Information beyond the terms of this Order if the Disclosing Party consents in writing to such disclosure.

34.    This Protective Order shall not be deemed (a) a waiver of any Party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any Party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any Party's right to object to the admission of evidence on any ground; (d) a waiver of any Party's or producing entity's right to use or disclose its own documents, testimony, transcripts, and/or other materials or things at its sole own discretion; or (e) any waiver of the attorney-client privilege or protection of the work product doctrine.

35.    Nothing in this Protective Order shall bar counsel from rendering

Amended Stipulated Protective Order

advice to their client with respect to the Action, and in the course thereof, relying upon any information under this Protective Order, provided that counsel does not disclose such information in a manner not specifically authorized under this Protective Order.

36.     The Parties may seek amendment of this Order upon motion to the Court, or written stipulation approved by the Court, in accordance  with the Local Rules and/or Judge's specified procedures.

37.     If a third party, another court or an administrative agency subpoenas or orders production by a Receiving Party of documents or information designated for protection under this Protective Order, the Receiving Party shall notify, by providing a copy of the subpoena or order along with a written statement that the Receiving Party is providing the notice required under this paragraph 37, each and every Disclosing Party whose documents or information are called for of the pendency of such subpoena or order at least five (5) court days prior to the return date specified in the subpoena or order for production of documents if possible, but in any event, at least prior to the return date to permit each Disclosing Party to make, file and/or lodge any objections to the subpoena or order.  In addition, the Receiving Party shall, no less than five (5) court days prior to any actual disclosure of any documents or information designated for protection under this Protective Order, provide written notice to each and every Disclosing Party of the precise scope of the disclosure the Receiving Party intends to make (by providing

identification by production number or by specifically naming each and every document the Receiving Party intends to disclose), the entity to whom the Receiving Party intends to make the disclosure to and a specific identification of the subpoena or order which the Receiving Party believes requires the disclosure.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

Amended Stipulated Protective Order

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    38.    The terms of this Protective Order shall survive termination of this action.

**SO STIPULATED**:

Date:  January 25, 2008

DREIER LLP

_____
/s/
Arianna Frankl (*Pro Hac Vice*)
Seth H. Ostrow (*Pro Hac Vice*)

499 Park Avenue
New York, New York 10022
Telephone: (212) 328-6100
Facsimile: (212) 328-6101

DREIER STEIN & KAHAN LLP
Yakub Hazzard (No. 150242)
Brooke H. Eisenhart (No. 229299)
The Water Garden
1620 26th Street
Sixth Floor, North Tower
Santa Monica, CA  90404

HARRIS L. COHEN,
A PROF. CORP.
Harris L. Cohen (No. 119600)
5305 Andasol Avenue
Encino, CA 91316

Attorneys for Plaintiff
FORT Properties, Inc.

Date:  January 25, 2008

WATERS LAW OFFICE, PLLC

_____
/s/
Robert R. Waters (*Pro Hac Vice*)
Benjamin S. Shively (*Pro Hac Vice*)

714 Lyndon Lane, Suite 6
Louisville, KY 40222
Telephone: (502) 425-2424

KENNETH K . HOWELL LAW
OFFICES
800 West 1st Street, Suite 2907
Los Angeles, CA 90012

Attorneys for Defendant American
Master Lease, LLC

    IT IS SO ORDERED this 31st day of January, 2008.

Jacqueline Chooljian /s/_____
UNITED STATES MAGISTRATE JUDGE

21

Amended Stipulated Protective Order

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

FORT PROPERTIES, INC,

                             :

             Plaintiff-              CASE NO. SACV07-365-AG(JCx)
             Counter-Defendant,  :
      v.                       Hon. Andrew J. Guilford, Dept. 10D
                             :

AMERICAN MASTER LEASE, LLC,

                             :

             Defendant-
             Counter-Plaintiff.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

**CONFIDENTIALITY AGREEMENT**

I, _____, declare that:

    1.     My address is _____

_____.

    2.     My present occupation is _____,

and I am currently employed by _____.

I have been retained by _____

with respect to this litigation.  A true copy of my curriculum vitae is attached.

    3.     I have received a copy of the Protective Order in this action, and have

carefully read and understand its provisions.

    4.     I will comply with all of the provisions of the Protective Order.  I will

hold in confidence, will not disclose to anyone other than those persons specifically

Amended Stipulated Protective Order

authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit, any information designated under Protective Order, except as expressly permitted in the Protective Order.

　　　　5.　　I declare under penalty of perjury that the foregoing is true and correct.

Executed:

Signature: _____

Date: _____

317891

Amended Stipulated Protective Order